### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAMONITA TORRES CINTRON<br><br>Plaintiff<br><br>v.<br><br>PFIZER PHARMACEUTICALS<br><br>Defendant | CIVIL NO.<br><br><br>JURY TRIAL REQUESTED |

### COMPLAINT

COMES NOW, the Plaintiff, RAMONITA TORRES CINTRON, through her attorney and respectfully states, alleges and prays:

### I.    NATURE OF THE ACTION AND JURISDICTION

1. The instant action is brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626; Puerto Rico's Law 100 of June 30, 1959; Puerto Rico's Law 80 of May 30, 1976: and Articles 1802 and 1803 of the Puerto Rico Civil Code to seek redress for the Defendants' age discrimination and illegal actions against Plaintiff Ramonita Torres Cintrón ("Torres" or "Plaintiff").

2. This Court has jurisdiction to entertain this action pursuant to 28 USC § 1331 and 1337. The Court's supplemental jurisdiction is also invoked pursuant to 28 U.S.C. §1367 to hear the pendent Commonwealth law claims because these arose form the same nucleus of operative facts.

3. Venue is proper in this district pursuant to 28 USC 139 (b)(1) and (2).

4. Torres filed an administrative charge against the defendant before the Anti-Discrimination Unit of the Department of Labor of Puerto Rico and before the Equal Employment Opportunity Commission (EEOC) alleging age discrimination.

5. The instant complaint is being filed within 90 days from the issuance of the Notice of Right to Sue by the EEOC.

## II. THE PARTIES

6. Plaintiff Ramonita Torres Cintrón is of legal age, a citizen of the United States and a resident of Puerto Rico. Her address is HC-40 Box 40853, San Lorenzo PR 00754. She is an individual covered and protected by the federal laws invoked in this action.

7. Defendant Pfizer Pharmaceuticals ("Pfizer" or "Defendant") is a pharmaceutical authorized to conduct business in Puerto Rico. At all relevant times to this case, Defendant was the employer of Plaintiff.

## II.   STATEMENT OF CLAIM

8. Plaintiff began working for Defendant on December 11, 2000.

9. In April 2004, Plaintiff was promoted to the Pfizer Guayama Pharma as Quality Control Manager for the areas of microbiology, raw materials, and related matters.

10. In 2008, Plaintiff was promoted to Associate Director for Quality Control. However, her salary was the lowest among all the Associate Directors for Quality Control even though she had the most seniority.

11. All of Plaintiff's evaluations were excellent and she received scores of 4s and 5s in her annual performance evaluations (5 was the highest rating). She never received any disciplinary warnings or actions. In fact, her evaluations showed that Plaintiff not only performed her individual work in an excellent fashion but she also

demonstrated that she was a capable leader, responsible, diligent and communicative with her team.

12. In December 2008, Guadalupe Bernard ("Bernard") became Senior Quality Director.

13. In August 2009, Plaintiff learned that Bernard asked for Plaintiff's name to be included in a list of terminations to be done in September 2009, but that because Plaintiff was the oldest and most senior in her occupational classification, her termination was not approved at this time.

14. Later, Plaintiff learned that Defendant was evaluating employees from her occupational classification and assigned a score-based number to each employee. Defendant intentionally and as part of a discriminatory behavior, changed her objective evaluation in order to assign Plaintiff a lower number.

15. On January 29, 2010, Plaintiff was discriminatorily and unjustly terminated from her employment in violation of the federal and local laws invoked in this action.

16. Plaintiff was 53 at the time of her termination.

17. Defendant retained younger and less senior employees in the same position as Plaintiff.

18. The company's alleged reason for the termination—that Plaintiff's position was eliminated as part of a reorganization—is false and, thus, a pretext for discrimination.

19. Plaintiff's functions were needed at Pfizer and are still being performed by other—younger and less senior—employees after Plaintiff's termination.

20. At the time of her termination, Plaintiff was a few months away from being able to retire with a complete pension. As a result of her termination, Plaintiff lost benefits

in excess of $100,000. This was part of an intentional behavior towards Plaintiff in order to discriminate because of her age and to preclude and interfere with her retirement pension plan.

21. Plaintiff has been physically and emotionally ill as a result of Defendant's discriminatory actions.

22. Defendant's conduct was willful and in reckless disregard of Plaintiff's federally and locally protected rights. For this reason, liquidated and/or punitive damage are requested.

23. Plaintiff suffered past, present and future damages, including economic damages, forfeiture of accrued benefits and compensatory damages such as mental anguish and physical disease as a result of Defendant's conduct.

### III.   FIRST CAUSE OF ACTION: AGE DISCRIMINATION UNDER ADEA AND PUERTO RICO'S LAW 100.

24. Plaintiff repeats and realleges each and every preceding allegation as if fully set forth herein.

25. Defendant's termination of Plaintiff was based on age discrimination and, thus, violated Plaintiff's rights under the ADEA and Puerto Rico's ant-discrimination laws.

26. Defendants' actions have resulted in economic loss, mental anguish, pain and suffering, and physical illness. Defendants are liable for Plaintiff's damages in an amount of not less than $500,000, which must be doubled under Puerto Rico law. In addition, Plaintiff is entitled to attorneys' fees and costs.

### IV. SECOND CAUSE OF ACTION: UNJUST DISMISSAL UNDER PUERTO RICO'S LAW 80.

27. Plaintiff repeats and realleges each and every preceding allegation as if fully set forth herein.

28. Defendant terminated Plaintiff without just cause in a blatant violation of Puerto Rico's Unjust Dismissal Law. Law No. 80 of May 30, 1976. Therefore, Plaintiff is entitled to receive a severance pay in accordance with said Law 80, as well as attorney's fees.

### V. THIRD CAUSE OF ACTION: TORTS

29. Plaintiff repeats and realleges each and every preceding allegation as if fully set forth herein.

30. As a result of Defendant's conduct, Plaintiff has been emotionally devastated and has suffered emotional damage and loss of income for which Defendant is liable. The emotional damages include depression, sleep deprivation, and mental anguish.

### VI. TRIAL BY JURY

31. Plaintiff demands that the instant action be tried before a jury.

### VII. PETITION FOR RELIEF

32. Plaintiff requests that this Honorable Court declare Defendants to be in violation of the ADEA and Puerto Rico's Law 100 and, therefore, award Plaintiff compensatory damages, emotional damages, and punitive damages in an amount of not less than $500,000.00.

33. Plaintiff requests that this Honorable Court declare Defendant to be in violation of Article 1802 of the Puerto Rico Civil Code and compensate Plaintiff for damages and mental anguish in an amount not less than $500,000.00.

34. Plaintiff requests that this Honorable Court declare Defendant to be in violation of Puerto Rico's Law 80 and award Plaintiff the severance compensation pursuant to said law.

35. Plaintiff requests that this Honorable Court award double damages pursuant to Puerto Rico's Law Law 100.

36. Plaintiff requests that this Honorable Court award costs and reasonable attorneys' fees and that this Court award any other relief deemed just and proper by this Court, including pre and post judgment interest.

WHEREFORE, cause having been shown, Plaintiff pray for judgment against Defendant for relief for the total amount of damages claimed as part of this Complaint, together with interests, costs, and attorneys' fees and for such further relief as necessary and appropriate.

RESPECTFULLY SUBMITTED.

In San Juan Puerto Rico, this 25th day of July, 2011.

**s/ Carlos Concepción Castro**
Carlos Concepción-Castro
USDC-PR No. 2180007
PMB 223 B5 Calle Tabonuco Ste. 216
Guaynabo PR 00968
Tel: 787-274-4935
cgconcepcion@yahoo.com